## Wanke v. Michael.

*Justice of the peace—Summons—Service outside of the county—Service by constable—Act of June 14, 1923.*

1. In an action before a justice of the peace to recover damages for personal injuries resulting from the operation of an automobile, the summons may be served in accordance with the provisions of section 36 of the Act of June 14, 1923, P. L. 718, by the sheriff of the county where suit is brought deputizing the sheriff of the county wherein the defendant or his registered agent resides.

2. A summons in such a case, directed by a justice of the peace to a constable in another county and served by such constable, confers no jurisdiction upon the justice, and judgment entered thereon will be reversed upon *certiorari*.

*Certiorari.* C. P. Northumberland Co., Dec. T., 1921, No. 162.

*M. E. Stroup*, of Harrisburg, Pa., for exceptions.

LLOYD, J., June 30, 1924.—This case is before us on *certiorari* and exceptions to the record of George W. Schultz, a justice of the peace.

An examination of the records shows that a suit was entered by the plaintiff, Frederick Wanke, a resident of this county, against Kate Michael, a resident of Dauphin County, to recover damages for personal injuries resulting from the operation of an automobile; that the alleged accident occurred on the State highway between Shamokin and Treverton, in this county; that the summons issued from the above named justice and was directed to a constable of the Borough of Millersburg, Dauphin County, Pennsylvania, and by him served upon the defendant; that there was no appearance by the defendant before the justice of the peace, and a judgment was rendered against her.

Section 36 of the Act of June 14, 1923, P. L. 718, amendatory of section 36 of the Act of June 30, 1919, P. L. 678, provides that service of the process may be made by the sheriff of the county where suit is brought, deputizing the sheriff of the county wherein the defendant or his registered agent resides or where service may be had upon him under the existing laws of this Commonwealth, in like manner as process may now be served in the proper county.

The provisions of this section are mandatory, and, inasmuch as the service in the above stated case was not in conformity with the statutory requirements, the justice of the peace acquired no jurisdiction.

This conclusion renders unnecessary a consideration of the other exceptions.

And now, June 30, 1924, the *certiorari* is sustained and the judgment of the justice of the peace is hereby reversed.          From C. M. Clement, Sunbury, Pa.